BUTTE LAND & INVESTMENT CO., APPELLANT, v. WILL-
IAMS, RESPONDENT.

(No. 3,913.)

(Submitted May 3, 1918.  Decided May 25, 1918.)

[173 Pac. 550.]

*Real Estate Brokers—Commission—Failure to Conclude Sale—
Abstract of Title—Duty of Seller.*

Real Estate Brokers—Furnishing Abstract of Title—Duty of Seller.
 1.   Defendant listed with plaintiff, a real estate dealer, a town lot
 for sale on a commission basis, the former agreeing, among other
 things, to furnish an abstract of title to date of sale.  The abstract
 thus furnished showed two apparent defects in the title, both easily
 correctible by reference to the original records.  Plaintiff found a
 buyer and demanded of defendant that she correct the abstract and
 make good the title.  *Held*, that the demand to make good the title
 did not exact of defendant an impossibility not required by the
 contract.
Same—Failure to Conclude Sale—Commission.
 2.   A real estate broker with whom property is listed for sale on a
 commission basis is the seller's agent for the purpose of effecting—
 not defeating—a sale; hence where a broker after discovering a sup-
 posed (but not real) defect in the abstract of title advised a pros·
 pective purchaser not to buy, after refusal of the owner to correct
 the abstract at her expense, was not entitled to recover his
 commission.
  [As to when a broker becomes entitled to a commission, see note in
 28 Am. St. Rep. 546.]

*Appeal from District Court, Silver Bow County; J. J. Lynch,
Judge.*

ACTION by the Butte Land & Investment Company against
Icie Williams.  Judgment, and plaintiff appeals.  Affirmed.

Cause submitted on brief of Appellant.

*Messrs. Nolan & Donovan,* for Appellant.

MR. JUSTICE SANNER delivered the opinion of the court.

The respondent listed a town lot in Butte with the appellant
to be sold for $1,400, the appellant to receive a commission of

On the right of real estate broker to commissions where sale fails
because of defects in employer's title, see note in 43 L. R. A. 609.

five per cent and she agreed that she would "furnish an abstract of title to date of sale, * * * and to convey said property by good and sufficient deed clear of encumbrances" to the appellant or its nominee. The respondent furnished an abstract which the appellant brought down to date; but, as completed, the abstract showed two apparent defects in the title, *viz.*, a deed of the property on June 24, 1891, to John W. Fowler, followed by a deed of the same date from James W. Fowler, and a mortgage in 1907 to Augusta Y. Scott, followed by an assignment of said mortgage by Minnie Rowe and Freda Harkins "as devisees and legatees under the last will" of Augusta Young Scott, and a satisfaction of such mortgage by the assignee named. Both of these were sins of the abstractor— the one of commission, the other of omission—easily correctible by reference to the original records; in fact the appellant satisfied itself, with reference to the mortgage transaction, that the assignors were the devisees of the original mortgagee, entitled as such to make the assignment. Appellant found a buyer for the property, notified respondent accordingly, and demanded that she correct the abstract as to the mortgage transaction and make good the title as to the Fowler conveyances. This she refused to do, claiming that the contract she made absolved her from any and every expense save the commission. The purchase was not completed and the appellant, claiming this was due to the defendant's failure to furnish the abstract, sued for its commission. Upon the trial a verdict was directed for the respondent, and, judgment being entered accordingly, this appeal is the result.

As reasons for the order directing a verdict, the trial judge [1] assigned: (1) That in its demand to make good the title, the appellant had exacted from the respondent an impossible thing not required by the contract; and (2) that the sale fell through on the advice of the appellant itself. Only from an *ultra* technical point of view, which we are loath to adopt, could the first of these propositions be sustained. The respondent

had agreed to furnish an abstract and to convey title, and obviously the purpose of the abstract was to show that title could be conveyed by her. Upon examination of it the appellant thought the title, as shown by the abstract, defective; it could therefore properly indicate the corrections which the abstract seemed to require; this was done, and the language used with reference to the Fowler transfers must be taken as a demand, not to make good a title which was in that particular faultless, but to correct whatever needed correction, *viz.*, either the title or the abstract.

The second proposition of the trial court is a different matter. [2] The evidence makes it clear that the purchaser never saw the abstract, found no fault with the title, had no knowledge of the objections; she may, so far as the evidence shows, have taken the property notwithstanding the objections, chancing the reality or the importance of the apparent defects; what she did take was the appellant's word whether the title was good or not, and, being so governed, did not buy the property. We think that this is ample to sustain the court's position. The appellant was respondent's agent to effect—not to defeat—a sale of the property, and though it was not bound to impose upon the purchaser a title thought to be defective, it could not on the one hand advise against the purchase because the title was bad when in fact it was good, and on the other hand claim its commission for finding a buyer able and willing to buy. Its duty was to pass the abstract to the purchaser and permit her to say whether, in view of the actual facts as she might ascertain them, or of the lapse of time since the Fowler conveyances, or of the likelihood that the mortgage assignment and satisfaction were regular, she would care to take the property. Nor is the appellant's situation altered for the better by the fact that it was advancing part of the money for the purchase; the buyer might procure the money elsewhere. That in the attempt to serve three masters, to-wit, the respondent, the purchaser, and itself, the appellant lost the sale is clear; and it is

equally clear that the appellant cannot impose the cost and responsibility for that loss upon the respondent alone.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.

